IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK07-41500 |
| | ) | |
| VICTORIA LYNN CERDA, | ) | CH. 7 |
| | ) | |
| Debtor. | ) | |

## ORDER

      Hearing was held on November 20, 2007, in Lincoln, Nebraska, on an Objection to Exemptions filed by the Chapter 7 Trustee (Fil. #7), and a Resistance thereto filed by Debtor (Fil. #9). Casey Miller appeared for Debtor, and Philip M. Kelly appeared as the Chapter 7 Trustee.

      Debtor filed her Chapter 7 petition herein on August 8, 2007. In Schedule B of her petition, Debtor listed an account receivable in the amount of $4,580.00 as "[p]ayments owed to debtor from Nebraska Health & Human Services for the months of June and July of 2007 for care services provided by debtor . . . ." In Schedule C, Debtor listed the foregoing account receivable as exempt pursuant to Neb. Rev. Stat. § 25-1558.

      Subsection (1) of Neb. Rev. Stat. § 25-1558 describes the maximum "disposable earnings" which are subject to garnishment.[1] "Earnings" are described in the statute as "compensation paid or payable by an employer to an employee for personal services, whether denominated as wages, salary, commission, bonus, or otherwise . . . ." Neb. Rev. Stat. § 25-1558(4)(a).

      The Chapter 7 Trustee has objected to Debtor's claim of exemption in the account receivable. It is the Trustee's position that Debtor is an independent contractor and, since the exemption applies only to compensation payable by an "employer to an employee," Debtor cannot claim the exemption. As discussed below, I agree with the Trustee.

      Under Nebraska law, a party's status as an employee or an independent contractor is generally a question of fact. *Reeder v. State*, 254 Neb. 707, 578 N.W.2d 435 (1998); *Kime v. Hobbs*,

---

[1] Neb. Rev. Stat. § 25-1558(1) provides as follows:
    (1)    Except as provided in subsection (2) of this section, the maximum part of the aggregate disposable earnings of an individual for any workweek which is subject to garnishment shall not exceed the lesser of the following amounts:
        (a)    Twenty-five percent of his or her disposable earnings for that week;
        (b)    The amount by which his or her disposable earnings for that week exceed thirty times the federal minimum hourly wage prescribed by 29 USC 206(a)(1) in effect at the time earnings are payable; or
        (c)    Fifteen percent of his or her disposable earnings for that week, if the individual is a head of a family.

252 Neb. 407, 562 N.W.2d 705 (1997). Further, a written agreement identifying the service provider as an "independent contractor" is not dispositive for purposes of the exemption statutes. *In re Vanderloo*, Case BK01-83389 (Bankr. D. Neb. Jun. 3, 2002).

In *Vanderloo*, Chief Judge Timothy J. Mahoney of this Court was faced with the question of whether the commissions earned by a real estate salesperson could be claimed as exempt earnings under Neb. Rev. Stat. § 25-1558, and summarized Nebraska law on this subject as follows:

> As the Nebraska Supreme Court has stated in several cases, there is no single test for determining whether one performs services for another as an employee or an independent contractor, and the following factors must be considered: (1) the extent of control which, by the agreement, the employer may exercise over the details of the work; (2) whether the one employed is engaged in the distinct occupation or business; (3) the kind of occupation, with reference to whether, in the locality, the work is usually done under the direction of the employer or by a specialist without supervision; (4) the skill required in the particular occupation; (5) whether the employer or the one employed supplies the instrumentalities, tools and the place of work for the person doing the work; (6) the length of time for which the one employed is engaged; (7) the method of payment, whether by the time or by the job; (8) whether the work is part of the regular business of the employer; (9) whether the parties believe they are creating an agency relationship; and (10) whether the employer is or is not in business. *Reeder v. State, supra*; *Omaha World-Herald v. Dernier*, 253 Neb. 215, 570 N.W.2d 508 (1997); *Kime v. Hobbs, supra; Pettit v. State*, 249 Neb. 666, 554 N.W.2d 855 (1996). No single factor is conclusive and they must be weighed in determining whether an employment or independent contractor relationship exists. *Omaha World-Herald v. Dernier, supra*.

The control factor, while not in and of itself determinative, "is the most important factor to be considered in determining whether someone acts as an independent contractor or as an employee." *Omaha World-Herald v. Dernier*, 253 Neb. 215, 223, 570 N.W.2d 508, 514 (1997).

The evidence in this case consists of a copy of the Service Provider Agreement between Debtor and the Nebraska Department of Health and Human Services ("HHS"), which agreement includes the following provisions:

- Debtor is described as a "service provider" who will provide certain "chore" services within the client's home.

- Either party may terminate the agreement at any time by giving at least 30 days advance written notice.

- Subcontracting is not allowed.

◄     The service provider must follow all applicable HHS policies and procedures as set forth in the Nebraska Administrative Code.

◄     The provider will not discriminate, will follow applicable laws, and will respect client's right to confidentiality.

◄     Provider agrees that she is providing these services as an independent contractor and that she is not an employee of HHS or of the state.

The parties also entered into a Nebraska Department of Health and Human Services Home Care/Chore/Provider Agreement, which identifies the services to be provided as food preparation, housekeeping, yard maintenance/snow removal, laundry, and supervision.  In that agreement, the service provider makes certain certifications to HHS that the provider is physically capable of providing the services and will provide the necessary tools and equipment, if the client does not provide them, to perform authorized tasks. Under the handwritten "Comments" section, it states that "Consumer will train & have tools if needed."

Upon applying the factors identified by the Nebraska Supreme Court, it becomes apparent that the relationship between Debtor and HHS is not that of employer and employee.  HHS did not retain control over the details of the work to be performed.  Instead, HHS simply required Debtor to comply with applicable laws in performing chores for the client.  Debtor was not trained by HHS in any particular skill.  Debtor or the client would provide any instrumentalities or tools needed to perform the work, and no such items were provided by HHS.  The provision of services was terminable by either party and Debtor provided those services for only one client.  Finally, the parties specified that they intended to create an independent contractor relationship and not an employer/employee relationship.

The foregoing factors weigh in favor of finding an independent contractor relationship, and not an employer/employee relationship.  Thus, the account receivable at issue does not constitute "compensation paid or payable by an employer to an employee" and is not exempt under Neb. Rev. Stat. § 25-1558.

IT IS, THEREFORE, ORDERED that the Chapter 7 Trustee's objection to Debtor's claim of exemptions (Fil. #7) in the account receivable is sustained.

DATED:  December 6, 2007.

BY THE COURT:

/s Thomas L. Saladino
United States Bankruptcy Judge

Notice given by the Court to:
    Casey Miller
    *Philip M. Kelly
    U.S. Trustee

Movant(*) is responsible for giving notice to other parties if required by rule or statute.